**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-6523

PATRICK STEPHEN WATSON,

                    Plaintiff - Appellant,

          v.

K. BROWN; BHAGIRATH, Sgt.,

                    Defendants – Appellees,

and

UNKNOWN, Defendant No. 3; UNKNOWN, Defendant No. 4,

                    Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Anthony John Trenga, District Judge.  (1:09-cv-00731-AJT-JFA)

Submitted:  September 13, 2011        Decided:  September 19, 2011

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Patrick Stephen Watson, Appellant Pro Se.  Jeff W. Rosen, PENDER & COWARD, PC, Virginia Beach, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Stephen Watson appeals the district court's order granting summary judgment to the Defendants on his 42 U.S.C. § 1983 (2006) complaint. For the reasons that follow, we affirm in part, vacate in part, and remand.

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the non-movant. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment may be granted only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). For a non-movant to present a genuine issue of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Watson, a former pre-trial detainee, premises his claim against Brown on the excessive use of force. He claims

2

Brown deliberately closed a prison door on him and thus aggravated his already-broken shoulder. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Id.

To meet the subjective component of an excessive force claim, the claimant must show that the prison official applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted). But, as to the objective component, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal citation omitted). "An inmate who is gratuitously beaten by guards does not lose his ability to

3

pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010) (per curiam).

Brown's and Watson's factual assertions effectively boiled down to a swearing contest backed chiefly by the parties' own affidavits. Crediting Watson's version of events as we must on summary judgment review, Brown deliberately shut the door on him and told him as much. Watson did not perceive the door was closing until he was pinned against the doorway. The district court therefore erred when it made a dispositive credibility determination on the basis of the competing affidavits. We vacate the district court's summary judgment in Brown's favor and remand for consideration of Brown's alternative grounds for summary judgment.

Watson claims deliberate indifference to a serious medical need against Bhagirath. For a claimant to prevail on such a claim, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Id. at 695. Instead, a prison guard evinces deliberate indifference to a serious medical need by intentionally denying or delaying access to medical care or intentionally interfering

4

with the treatment once prescribed.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  Watson failed to show a serious injury sufficient to avoid summary judgment.

Accordingly, we affirm the district court's grant of summary judgment on Watson's claim against Bhagirath.  We vacate the court's grant of summary judgment in favor of Brown and remand so that the district court may consider in the first instance the alternative grounds raised by Brown's summary judgment motion.  We deny Watson's request for transcripts at the Government's expense.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED